UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
WAYLEN BLOCK,
        Plaintiff,

        v.                          No. 23-cv-10141-DLC

AMY BONCHER, et al.,
        Defendants.
```

**REPORT AND RECOMMENDATION ON MOTION FOR AN INJUNCTIVE ORDER**

CABELL, U.S.M.J.

Pro se plaintiff Waylen Block ("the plaintiff"), an inmate at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"), has brought an action against: Amy Boncher, the warden at FMC-Devens; six other FMC-Devens officials; the Federal Bureau of Prisons ("BOP"); and officials at two other federal facilities, the Metropolitan Detention Center in Brooklyn, New York, and the Federal Transfer Center in Oklahoma City, Oklahoma ("MDC and FTC defendants") (collectively "the defendants").[1] The operative complaint alleges that the defendants denied the plaintiff adequate medical care and failed to maintain his central file in violation of the Eighth Amendment and the Due Process Clause of

---

[1] The plaintiff identifies the MDC and FTC defendants by their positions as opposed to their names.

the Fifth Amendment.[2]  The action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges.

Pending before the court is a motion for an injunctive order filed by the plaintiff.  (D. 9).  The plaintiff seeks an "injunctive order" requiring that "prison official[s] open all correspondence with the Clerk of Courts in [the plaintiff's] presence as legal mail or have the Clerk of Courts identify a particular person as [the] sender."  (D. 9).  According to the plaintiff, BOP officers are misapplying and/or misinterpreting 28 C.F.R. § 540.18(a) ("section 540.18").  (D. 9).  Section 540.18 requires the warden to "open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail."  28 C.F.R. § 540.18(a).  For the reasons that follow, the court orders that the case be redrawn for reassignment to a district judge with a recommendation that the motion for an injunctive order (D. 9) thereafter be denied.

---

[2] The court construes the references in the operative complaint to the plaintiff's due process rights under the Fourteenth Amendment (D. 12, ¶¶ 73, 81, 84, 87) as referring to the plaintiff's due process rights under the Fifth Amendment based on the reasonable assumption that the plaintiff is a federal inmate because of his incarceration at federal facilities. *See generally Karmue v. Remington*, Civil No. 17-cv-107-LM-AKJ, 2020 WL 1290605, at *13 (D.R.I. Mar. 18, 2020) ("[F]ederal pretrial detainee's Fifth Amendment due process rights are violated when a prison official denies or delays . . . adequate medical care for an inmate's serious medical needs, and does so with deliberate indifference to those needs.") (citations omitted).

I.  **DISCUSSION**

The motion for an injunctive order is deficient in two respects. First, the plaintiff is a federal prisoner seeking relief against federal officials.[3] As such, his causes of action arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narc.*, 403 U.S. 388 (1971), and its progeny. *Bivens* authorizes "victims of a constitutional violation perpetrated by a federal actor" to sue the actor "for *damages* in federal court despite the absence of explicit statutory authorization for such suits." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 157-158 (1st Cir. 2011) (emphasis added) (citation omitted); *see Hulsey v. Federal Bureau of Prisons*, Civil Action No. 20-11078-FDS, 2020 WL 5634318, at *2 (D. Mass. Sept. 21, 2020) (stating "only remedy available in a *Bivens* action is an award for monetary damages from defendants . . . .") (citation omitted). Accordingly, the plaintiff "may not seek injunctive relief against federal officials in a *Bivens* action." *Hulsey*, 2020 WL 5634318, at *2 (citations omitted).

Second, a party seeking an "injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Arenella v. Cregg*, No. 14-14764-FDS, 2016 WL 1555680, at *2 (D. Mass. Apr. 15, 2016) (citation omitted). Here, the injury remedied by the motion

---

[3] The operative complaint's description of the defendants illustrate they are likely all federal prison officials. (D. 12, ¶¶ 10-11).

3

relates to the opening and the treatment of the plaintiff's incoming mail as opposed to the conduct alleged in the operative complaint of substandard medical care, such as delays in receiving intravitreal injections and the resulting damage to the plaintiff's eyesight. (D. 12, ¶¶ 45-48, 76). The relationship is therefore insufficient.

In sum, both the unavailability of injunctive relief and the absence of a sufficient relationship between the motion's claimed injury and the complaint's alleged misconduct warrant denying the motion for an injunctive order.[4]  In fact, either deficiency provides a basis to deny the motion.[5]

As a final matter, the operative complaint states that "[t]his Civil action [is] authorized by 42 U.S.C. *section 1983* Bivens [sic]

---

[4] The fact that "neither of the parties developed [these] arguments . . . does not prevent [the court] from ruling on this basis . . . ." *ML-CFC 2007-6 Puerto Rico Props., LLC v. BPP Retail Props., LLC*, 951 F.3d 41, 46 (1st Cir. 2020) (citations omitted); *see id.* ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." (quoting *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991))).

[5] It is therefore not necessary to address any broader deficiency regarding the operative complaint, namely, that it sets out only official capacity claims. *See Swartz v. Bahr*, Civil Action No. 16-12144-LTS, 2017 WL 2695290, at *4 (D. Mass. June 22, 2017) (*Bivens* "permits claims against federal officials only in their individual capacities (not against agency employees sued in an official capacity).") (citation omitted).  By way of background, the court previously denied without prejudice a motion for leave to amend the operative complaint to set out individual capacity claims because the plaintiff did not serve the motion on the defendants.

Similarly, the plaintiff fails to indicate that he served the motion for an injunctive order on the defendants.  Although this failure could provide an additional basis to deny the motion without prejudice subject to serving the motion on the defendants, each of the above two deficiencies constitutes a more definitive and efficient ground to recommend the motion's denial.

to redress the deprivation under color of federal law, of rights secured by the Constitution of the United States." (D. 12, ¶ 5) (emphasis added). As federal officials, the defendants are not acting under color of state law within the meaning of 42 U.S.C. § 1983 ("section 1983") and cannot be sued under section 1983. *See McMann v. United States*, C.A. No. 12-11952-PBS, 2013 WL 1327229, at *1 n.1 (D. Mass. Mar. 26, 2013) ("[F]ederal officials cannot be sued under [section] 1983 because they do not act under color of state law.") (citation omitted); *see generally González v. Vélez*, 864 F.3d 45, 53 (1st Cir. 2017) (noting Supreme "Court allowed a Bivens-type action under the Eighth Amendment in a case in which federal correctional officers had failed to treat a prisoner's asthma during his incarceration") (citation omitted). Accordingly, the court construes the operative complaint as an action authorized by *Bivens* as opposed to "authorized by *42 U.S.C. section 1983* Bivens" (D. 12, ¶ 5) (emphasis added).

## II. CONCLUSION

In accordance with the foregoing discussion, the court orders the case redrawn for reassignment to a district judge and recommends[6] upon reassignment that the motion for an injunctive order (D. 9) be **DENIED**.

---

[6] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings,

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 16, 2023

---

recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See *Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).